UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **RENE MORENO, Individually and On Behalf of All Others Similarly Situated,** | § § § | |
| **Plaintiff,** | § | |
| | § | CIVIL ACTION NO. 3:14-cv-00166 |
| **v.** | § | |
| | § | |
| **TOTAL FRAC LOGISTICS, LLC, SUNDANCE SERVICES, and SUNDANCE FLOW BACK AND WELL TESTING COMPANY,** | § § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § § § | |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT AND JURY DEMAND**

### I.    NATURE OF THE ACTION

1.    This is a civil action for the collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et seq.*, (the "WARN Act").  Plaintiff Moreno was an employee of Defendants Total Frac Logistics, LLC, Sundance Services, and Sundance Flow Back and Well Testing Company (collectively "Defendants") until he was terminated as part of, or as result of a mass layoff ordered by Defendants without the required statutory notification.  As such, Defendants are liable under the WARN Act for the failure to provide the Plaintiff and all other similarly situated former employees (the "Class Members") at least 60 days' advance written notice of termination, as required by the WARN Act.

### II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

1

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of Texas because Defendants' violation of the WARN Act occurred in this district.

### III.   PARTIES

4. Plaintiff Rene Moreno is an individual residing in Nueces County, Texas.

5. Defendant Total Frac Logistics, LLC is a Texas Limited Liability Company that may be served process through its registered agent Joseph P. Winstead, 400 Mann St., Suite 605, Corpus Christi, Texas 78401.

6. Defendant Sundance Services is a Texas business operating for profit that may be served process through its registered agent Joseph P. Winstead, 400 Mann St., Suite 605, Corpus Christi, Texas 78401.

7. Defendant Sundance Flow Back and Well Testing Company is a Texas business operating for profit that served process through its registered agent Joseph P. Winstead, 400 Mann St., Suite 605, Corpus Christi, Texas 78401.

8. The Class Members are those individuals that were terminated without notice as Plaintiff as part of the same mass layoff.

### IV.   WARN ACT COVERAGE

9. At all times material to this action, Defendants Total Frac Logistics, LLC, Sundance Services, and Sundance Flow Back and Well Testing Company have been "an employer" within the meaning of the WARN Act.  29 U.S.C. § 2101(a)(1).

10. Prior to the mass layoff that forms the basis of this action, Defendants employed more than 100 employees.

11. Prior to the mass layoff that forms the basis of this action, Defendants employed 100 or more employees who in the aggregate worked at least 4,000 hours a week, exclusive of overtime.

12. The wave of terminations, of which Plaintiff and the Class Members were a part, was a mass layoff within the meaning of the WARN Act.  29 U.S.C. § 2101(a)(3).

13. Defendants' main office was a "single site of employment" within the meaning of the WARN Act.  20 C.F.R. § 639.3(i).

14. The mass layoff at issue in this case was not the result of a plant closing and resulted in an employment loss during a 30 day period of at least 33% of Defendants' employees.

15. In the alternative, the mass layoff at issue in this case was not the result of a plant closing and resulted in the termination of at least 50 employees (excluding part time employees) during a 30 day period.

## V.   FACTS

16. Plaintiff and Class Members worked for Defendants as "flowtesters" for Defendants' oil and gas business.

17. In a 30 day period spanning July and August of 2013, Plaintiff and at least 50 other employees of Defendant were terminated effectively immediately.

18. No notice was provided to the Plaintiffs and Class Members prior to their termination.

19. Specifically, Plaintiff and the Class Members were terminated by Defendants during July and August of 2013 and did not receive the notice required by the WARN Act.  29 U.S.C. § 2102.

20. The Plaintiff and Class Members also did not receive back pay immediately after termination.

## VI. CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

22. Plaintiff brings this action on behalf of himself and the Class Members, those employees similarly situated to himself.

23. Plaintiff seeks to represent a Class defined as follows:

> **All of Defendants' employees terminated from employment without notice as part of the same layoff as Plaintiff.**

24. Plaintiff and Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act. 29 U.S.C. § 2101(a)(5) and (6).

25. Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

26. The members of the class exceed 50 in number rendering joinder impracticable. The precise number of the Class Members and their addresses are readily available from the records of Defendants.

27. There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. These questions of law and fact common to the class arising from Defendants' actions include, but are not limited to, the following:

    a. Whether the provisions of the WARN Act apply;

    b. Whether Defendants' terminations constitute a "termination" and/or a "mass layoff" under the WARN Act;

   c. Whether Defendants failed to provide the notices required by 29 U.S.C. § 2102(b); and

   d. The appropriate formula to measure damages under 29 U.S.C. § 2104(a).

  28. The questions listed above predominate over any questions affecting Plaintiff individually or any Class Member in his or her individual capacity.

  29. A class action is the superior method for the fair and efficient adjudication of this controversy.  Defendants have acted or refused to act on grounds that are generally applicable to the class as a whole.

  30. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for other businesses, and substantially impede or impair the ability of the Class Members to protect their interests.

  31. Plaintiff is an affected employee who was terminated by Defendants during the time period applicable to the rest of the class without the notice required by the WARN Act.  He is thereby a member of the class.  Plaintiff is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class and collective action litigation.  Accordingly, Plaintiff is an adequate representative of the class and has the same interest as all of its members.

  32. Plaintiff's claims are typical of the claims of all members of the class and Plaintiff will fairly and adequately protect the interests of the absent members of the class.

  33. Furthermore, class action treatment of this action is authorized and appropriate under the WARN Act which provides, by its terms, that a plaintiff seeking to enforce liabilities under the Act may do so on his own behalf and on behalf of other individuals similarly situated. 29 U.S.C. § 2104(a)(5).

## VII. VIOLATIONS OF THE UNITED STATES WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT
### (CLASS ACTION)

34. Plaintiff incorporates by reference all the allegations set forth above.

35. At all times material to this action, Plaintiff and the Class Members have been entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101, *et seq.*

36. The WARN Act regulates the notice period an employer must provide to employees who will be terminated due to the employer's closing of a plant or mass layoffs. The WARN Act also regulates the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

37. Defendants were and are subject to the notice and back pay requirements of the WARN Act because they are a business enterprise that employed 100 or more employees. 29 U.S.C. § 2101(1)(A).

38. Defendants willfully violated the WARN Act by failing to provide the required notice.

39. None of the exemptions found in 29 U.S.C. § 2103 apply to Defendants. Accordingly, Plaintiff and Class Members were entitled to receive the statutory notice and because they did not, they are entitled to the back pay and associated benefits the WARN Act guarantees. 29 U.S.C. § 2104(a).

40. With respect to the allegations herein, Defendants have not acted in good faith nor with reasonable grounds to believe its acts and omissions were not a violation of the Act.

## VIII. JURY DEMAND

41. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff and all similarly situated employees demand judgment against Defendants and pray for:

a. An order certifying that this action may be maintained as a class action under Federal Rule of Civil Procedure 23;

b. Designation of Rene Moreno as the representative of the Class and counsel of record as class counsel;

c. Compensatory damages in an amount equal to at least the amounts provided in 29 U.S.C. § 2104(a);

d. Reasonable attorneys' fees and costs as allowed by 29 U.S.C. § 2104(a)(6);

e. Such other relief to which Plaintiff and the Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:   /s/ Don J. Foty
     Don J. Foty
     Dfoty@kennedyhodges.com
     Texas State Bar No. 24050022
     Federal Bar No. 711522
     711 W. Alabama St.
     Houston, TX 77006
     Telephone: (713) 523-0001
     Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS